**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Securities and Exchange Commission,

Plaintiff,

vs.

Skyline Group, Inc., Robert L. Sheets, and Mary A. West,

Defendants.

Civil File 00-1355-JMR/FLN

**STIPULATED PROTECTIVE ORDER**

The above-named parties hereby stipulate and agree to the entry of the following Protective Order:

1. Any party to this action may designate as "Confidential" all or part of any documents, interrogatory answers, responses to request for admission, deposition transcript, any other material and information produced or disclosed in this action ("Confidential Information") if and to the extent such "Confidential Information" is, contains, or reveals any written agreement between Skyline Group, Inc. and the Prairie Band of Potawatomie Indians.

2. Information designated as "Confidential Information" may be disclosed only to the following persons subject to Paragraph 4 below:

   a. The parties or to other agencies of the federal government to whom the plaintiff is permitted or obligated to disclose such information.

   b. Counsel for the parties and any of counsel's secretarial, paralegal, and clerical employees.

   c. Experts or consultants retained by the parties, including their partners, associates, secretarial and clerical employees.

FILED 1-11-01
DOSAL, CLERK

d. To witnesses at a deposition or at trial, to the extent that parties have control over the witnesses.

e. Such other persons as the parties may agree in writing.

f. The Court and Court personnel, in the manner more fully described at Paragraph 6, herein.

3. With respect to persons permitted access to "Confidential Information" pursuant to Paragraphs 2a, 2c and 2d, above, each such person shall sign a copy of this order acknowledging that he or she has:

a. Received a copy of and read this Stipulated Protective Order;

b. Will use "Confidential Information" only for purposes in connection with this litigation;

c. Will not disclose or discuss "Confidential Information" with any person not permitted access to such information under the terms of this Stipulated Protective Order;

d. Will otherwise comply with and be bound by the terms of this Stipulated Protective Order.

4. If any "Confidential Information" is requested subject to the Freedom of Information Act ("FOIA"), the parties' obligations under this protective order are satisfied by informing the requestor about this protective order and informing all the parties about the FOIA request.

5. No person shall attend portions of depositions during which "Confidential Information" is disclosed unless such person is an authorized recipient of "Confidential Information" under the terms of this Protective Order. If, during the course of a deposition, an

appropriate response to a question would require the disclosure of "Confidential Information" or an answer discloses "Confidential Information," the witness may refuse to answer or the party whose "Confidential Information" is being disclosed may instruct the witness not to answer or not to complete his or her answer, as the case may be, until any persons not authorized to receive "Confidential Information" have left the room.

6. The handling of "Confidential Information" at the trial or any oral hearing before the Court shall be in accordance with this Protective Order. If, during the course of the trial or other oral hearing, an appropriate response to a question would require the disclosure of "Confidential Information" or an answer discloses "Confidential Information," the witness may refuse to answer or the party whose "Confidential Information" is being disclosed may instruct the witness not to answer or not to complete his or her answer, as the case may be, until any persons not authorized to receive "Confidential Information" have left the room.

7. If a document or thing containing "Confidential Information," including without limitation any brief, memoranda or transcript of any trial or oral hearing, is filed with the Court, it shall be filed with the clerk of the court in a sealed envelope marked with the caption of the case, a schedule of contents of the envelope, and the following notation:

> "Contains CONFIDENTIAL INFORMATION Under A Protective Order;
> To Be Opened Only By Or As Directed By The Court."

8. Nothing in this Stipulated Protective Order constitutes a finding or evidence that any of the information disclosed or contained in the produced or designated documents and things is or is not confidential. No party shall maintain that a particular information is or is not confidential by virtue of the existence of, or its designation under, this Stipulated Protective Order and nothing herein shall prevent either party from contending during the progress of this

lawsuit, that any or all such information is not confidential.

9. Any party may request from any other party a change in the designation of any confidential information. Such request shall be in writing, stating the grounds therefor, served on counsel for the other party. The requested change shall not occur unless permission shall be granted in writing by the producing party. In the event that the parties cannot resolve their differences by agreement and a court determination is sought, the party asserting confidentiality shall have the burden of establishing the need therefor.

10. Any violation of this Stipulated Protective Order may constitute a contempt of Court and may be punished by a fine to be determined by the Court, payable to the party whose Confidential Information has been improperly disclosed.

11. Any party for good cause may apply to the Court for a modification of this Stipulated Protective Order.

12. The parties agree to the entry of this Stipulation as an Order of the Court.

Dated: December 26, 2000

Pravin B. Rao
Illinois Bar No. 06230097
Helen A. Contos
Illinois Bar No. 06224707
**SECURITIES AND EXCHANGE COMMISSION**
500 West Madison Street, Suite 1400
Chicago, Illinois 60661-2511
(312) 353-7390

**ATTORNEYS FOR PLAINTIFF**

Dated December 26, 2000

Steven Z. Kaplan (#53739)
Kathleen M. Miller (#287246)
**FREDRIKSON & BYRON, P.A.**
1100 International Centre
900 Second Avenue South
Minneapolis, Minnesota 55402
(612) 347-7169/(612) 347-7130

**ATTORNEYS FOR DEFENDANTS**



12/26/00 TUE 14:52 FAX 312 353 7398 U. S. S. E. C. 007

IT IS SO ORDERED.

Dated: 1/10, 2001

BY THE COURT:

United States Magistrate Judge

::ODMA\PCDOCS\FBDOCS1\2455308\1

# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
300 S. FOURTH ST., SUITE 202
MINNEAPOLIS, MN 55415

# Clerk's Notice In Re: Protective Order

A Protective/ConfidentialityOrder has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

*Guidelines for filing with a U.S. District Judge or Magistrate Judge:*

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.