**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Securities and Exchange Commission,

Plaintiff,

vs.

Skyline Group, Inc., Robert L. Sheets, and Mary A. West,

Defendants.

Civil File 00-1355-JMR/FLN

**PROTECTIVE ORDER**

The Court hereby enters the following Protective Order:

1. Any party to this action may designate as "Confidential" all or part of any documents, interrogatory answers, responses to request for admission, deposition transcript, any other material and information produced or disclosed in this action ("Confidential Information") if and to the extent such "Confidential Information:"

a. Is, contains, or reveals the contents of any written agreement between Skyline Group, Inc. ("Skyline") and the Prairie Band of Potawatomie Indians ("Tribe");

b. Any communications between Skyline and the Tribe pursuant to or in anticipation of any such agreement;

c. Any communications with experts relating to the Tribe's reclamation of land claim conducted pursuant to or in anticipation of any such agreement;

d. Any historical research pertaining to the Tribe's reclamation of land claim conducted pursuant to or in anticipation of any such agreement;

e. Any of the Tribe's financial data relating to the business and commercial

MAR 1 9 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

development of land reclaimed or to be reclaimed by the Tribe under any such agreement;

f. Any business plans relating to the business and commercial development of land reclaimed or to be reclaimed by the Tribe under any such agreement;

g. Any computer programs relating to the business and commercial development of land reclaimed or to be reclaimed by the Tribe under any such agreement;

h. Any architectural drawings relating to the business and commercial development of land reclaimed or to be reclaimed by the Tribe under any such agreement;

i. Any marketing information relating to the business and commercial development of land reclaimed or to be reclaimed by the Tribe under any such agreement;

j. Any tax return, social security number, bank account information, and financial, income, or net worth statement of any note holder in Skyline Group;

k. Any tax return or tax identification number of Skyline Group, Inc.; and

l. Any tax return or social security number of Robert L. Sheets or Mary West.

2. Specifically excluded from this protective order are (a) any communications, in any form, including written and oral, between Skyline, Robert Sheets and Mary West and any investor or prospective investors pertaining to any matter relating to the investors' investment in

Skyline; (b) any communications, in any form, including written and oral, between Skyline, Robert Sheets and Mary West and William Kronschnabel; (c) any communications, in any form, including written and oral, between Skyline, Robert Sheets and Mary West and Richard Cornell; (d) any offering materials, including all drafts, relating to Skyline; (e) any promissory notes, including all drafts, relating to Skyline; (f) any financial documents relating to Skyline, other than that identified in paragraph 1(k) above, including any information relating to the use or intended use of funds raised by Skyline, including brochures, balance sheets, credit and debit sheets, bank records, credit card records, lease agreements, or loan documents.

3. Information contained in a document may be designated as confidential by stamping or otherwise marking the first page of the document believed to contain confidential information with the word "Confidential." Information designated as "Confidential Information" may be disclosed only to the following persons subject to Paragraph 5 below:

a. The parties to this action;

b. Any Skyline investor or prospective investor;

c. Any agencies of the federal government to whom the plaintiff is permitted or obligated to disclose such information;

d. Counsel for the parties and any of counsel's secretarial, paralegal, and clerical employees;

e. Experts or consultants retained by the parties, including their partners, associates, secretarial and clerical employees;

f. To witnesses at a deposition or at trial, to the extent that parties have control over the witnesses;

g. Such other persons as the parties may agree in writing; and

h. The Court and Court personnel, in the manner more fully described at Paragraph 7, herein.

4. With respect to persons permitted access to "Confidential Information" pursuant to Paragraphs 4a, 4e and 4f, above, each such person shall sign a copy of this order acknowledging that he or she has:

a. Received a copy of and read this Protective Order;

b. Will use "Confidential Information" only for purposes in connection with this litigation;

c. Will not disclose or discuss "Confidential Information" with any person not permitted access to such information under the terms of this Protective Order;

d. Will otherwise comply with and be bound by the terms of this Protective Order.

5. If any "Confidential Information" is requested subject to the Freedom of Information Act ("FOIA"), the plaintiff shall inform the requestor regarding this Protective Order and shall inform the defendants of the plaintiff's receipt of the FOIA request.

6. No person shall attend portions of depositions during which "Confidential Information" is disclosed unless such person is an authorized recipient of "Confidential Information" under the terms of this Protective Order. If, during the course of a deposition, an appropriate response to a question would require the disclosure of "Confidential Information" or an answer discloses "Confidential Information," the witness may refuse to answer or the party whose "Confidential Information" is being disclosed may instruct the witness not to answer or not to complete his or her answer, as the case may be, until any persons not authorized to receive

"Confidential Information" have left the room.

7. The handling of "Confidential Information" at the trial or any oral hearing before the Court shall be in accordance with this Protective Order. If, during the course of the trial or other oral hearing, an appropriate response to a question would require the disclosure of "Confidential Information" or an answer discloses "Confidential Information," the witness may refuse to answer or the party whose "Confidential Information" is being disclosed may instruct the witness not to answer or not to complete his or her answer, as the case may be, until any persons not authorized to receive "Confidential Information" have left the room.

8. If a document or thing containing "Confidential Information," including without limitation any brief, memoranda or transcript of any trial or oral hearing, is filed with the Court, it shall be filed with the clerk of the court in a sealed envelope marked with the caption of the case, a schedule of contents of the envelope, and the following notation:

> "Contains CONFIDENTIAL INFORMATION Under A Protective Order;
> To Be Opened Only By Or As Directed By The Court."

9. Nothing in this Protective Order constitutes a finding or evidence that any of the information disclosed or contained in the produced or designated documents and things is or is not confidential. No party shall maintain that a particular information is or is not confidential by virtue of the existence of, or its designation under, this Protective Order and nothing herein shall prevent either party from contending during the progress of this lawsuit, that any or all such information is not confidential.

10. Any party may request from any other party a change in the designation of any confidential information. Such request shall be in writing, stating the grounds therefor, and served on counsel for the other party. The requested change shall not occur unless permission shall be granted in writing by the producing party. In the event that the parties cannot resolve

their differences by agreement and a court determination is sought, the party asserting confidentiality shall have the burden of establishing the need therefor.

11. Any violation of this Protective Order may constitute a contempt of Court and may be punished by a fine to be determined by the Court, payable to the party whose Confidential Information has been improperly disclosed.

12. Any party for good cause may apply to the Court for a modification of this Protective Order.

Dated: March 19, 2001

Frank L. Noel
UNITED STATES MAGISTRATE JUDGE

::ODMA\PCDOCS\FBDOCS1\2489885\2