UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** | |
| **Plaintiff,** | |
| **v.** | Civil No. 00:1355 (JMR/FLN) |
| **SKYLINE GROUP, INC., ROBERT L. SHEETS and MARY A. WEST** | Judge: James M. Rosenbaum<br>Magistrate Judge: Franklin L. Noel |
| **Defendants.** | |

**FINAL JUDGMENT AND ORDER OF PERMANENT INJUNCTION, CIVIL PENALTIES, AND OTHER EQUITABLE RELIEF**

Plaintiff Securities and Exchange Commission ("Plaintiff"), having filed a Complaint for Permanent Injunction, Civil Penalties, and Other Equitable Relief ("Complaint") in this matter and Defendants Skyline Group, Inc. ("Skyline"), Robert L. Sheets ("Sheets") and Mary A. West ("West") (collectively referred to as "Defendants"), having in their Consent and Stipulation ("Consent"), attached hereto and incorporated herein, acknowledged receipt of the Complaint and admitted to the jurisdiction of this Court over them and over the subject matter hereof, and without admitting or denying the allegations of the Complaint, except as to jurisdiction, and without trial, argument or adjudication of any issue of fact or law herein, having consented to the entry of this Final Judgment and Order of Permanent Injunction, Civil Penalties and Other Equitable Relief ("Final Judgment"), and both the Plaintiff and Defendants having waived the entry of Findings of Fact and Conclusions of Law in this matter as provided by Rule 52 of the Federal Rules of Civil Procedure, and it further appearing that the Court has jurisdiction

FILED DEC 21 2001
RICHARD D. SLETTEN, CLERK
JUDGEMENT ENTERED
DEPUTY CLERK'S INITIALS

over the parties and subject matter hereof, and the Court being fully advised in the premises:

I.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendants, their agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from, unless a registration statement or an applicable and available exemption are in effect as to a security, directly or indirectly: making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use of any medium of any prospectus or otherwise any security, in violation of Sections 5(a) and Section 5(c) of the Securities Act of 1933 [15 U.S.C. §77e(a) and §77e(c)].

II.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendants, their agents, servants, employees, attorneys and those persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and hereby are permanently

restrained and enjoined from, directly or indirectly, in the offer or sale of securities, or any other security, by the use of the means or instruments of transportation or communication in interstate commerce or by the use of the mails: employing devices, schemes or artifices to defraud; or obtaining money or property by means of untrue statements of material facts or omissions of material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or engaging in transactions, practices or courses of business which operate or would operate as a fraud or deceit upon purchasers of promissory notes, or any other security, in violation of Sections 17(a)(1), 17(a)(2) and 17(a)(3) of the Securities Act [15 U.S.C. §77q(a)(1), §77q(a)(2), and §77q(a)(3)].

**III.**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendants, their agents, servants, employees, attorneys and those persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from, directly or indirectly, in connection with the purchase and sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange: employing any device, scheme or artifice to defraud; or making any untrue statement of material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or engaging in any act, practice or course of business which operates or would operate as a fraud or

deceit upon any person, in violation of Section 10(b) of the Exchange Act [15 U.S.C. §78(b)] and Rule 10b-5 [17 C.F.R. 240.10b-5] promulgated thereunder.

**IV.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants disgorge $1.43 million, plus prejudgment interest thereon, representing their gains from the conduct alleged in the Complaint, but that such disgorgement be waived based upon Defendants sworn representations to the Plaintiff in their Statements of Financial Condition submitted to the Plaintiff September 25, 2001 and the exhibits attached thereto or submitted in support thereof by defendants or their attorneys. The determination to waive Defendants' payment of disgorgement is based upon the accuracy and completeness of Defendants' sworn representations to the Plaintiff concerning their financial condition, including their assets, liabilities, income, expenses and net worth in their Statements of Financial Condition and Exhibits. If, at any time following the entry of this Final Judgment, the Plaintiff obtains information indicating that Defendants' sworn representations to the Plaintiff were fraudulent, misleading, inaccurate or incomplete in any material respect as of the time such representations and statements were made, the Plaintiff may, at its sole discretion and without prior notice to Defendants, petition the Court for an order requiring Defendants to pay disgorgement and prejudgment and postjudgment interest thereon. In connection with any such petition, the only issues shall be whether the financial information provided by Defendants described above was fraudulent, misleading, inaccurate or incomplete in any material respect as of the time such representations were made. In any such petition, the Plaintiff may move the Court to consider all available remedies, including, but not limited to, ordering

Defendants to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Plaintiff may also request additional discovery. Defendants may not, by way of defense to such petition or any other proceeding by the Plaintiff, including, without limitation, a proceeding to enforce this Final Judgment or any administrative proceeding based in whole or in part on this Final Judgment: challenge the validity of the Consent and Stipulation or this Final Judgment; contest any of the allegations in the Complaint; or contest the entry of an order requiring them to pay disgorgement and prejudgment and postjudgment interest thereon.

V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that based on Defendants' sworn representations to the Plaintiff in their Statements of Financial Condition and Exhibits, the Court is not ordering Defendants to pay a civil penalty pursuant to Section 21(d)(3) of the Exchange Act, as amended [15 U.S.C. §78u(d)(3)]. The determination not to impose a civil penalty is based upon the accuracy and completeness of Defendants' sworn representations to the Plaintiff concerning their assets, liabilities, income, expenses and net worth in their Statements of Financial Condition and Exhibits. If, at any time following the entry of this Final Judgment, the Plaintiff obtains information indicating that Defendants' sworn representations and statements to the Plaintiff were fraudulent, misleading, inaccurate or incomplete in any material respect as of the time such representations and statements were made, the Plaintiff may, at its sole discretion and without prior notice to Defendants, petition the Court for an order requiring Defendants to pay a civil penalty. In connection with any such petition, the only issues shall be whether the financial information provided by

Defendants described above was fraudulent, misleading, inaccurate or incomplete in any material respect as of the time such representations were made, and the amount of civil penalty to be imposed. In any such petition, the Plaintiff may move the Court to consider all available remedies, including, but not limited to, ordering Defendants to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Plaintiff may also request additional discovery. Defendants may not, by way of defense to such petition or any other proceeding by the Plaintiff, including, without limitation, a proceeding to enforce this Final Judgment or any administrative proceeding based in whole or in part on this Final Judgment: challenge the validity of the Consent and Stipulation or this Final Judgment; contest any of the allegations in the Complaint; or contest the entry of an order requiring them to pay civil penalties.

**VI.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that regarding the 10 percent interest in Liberty Alliances LLC referenced in Article II, Section 2.1(b) of that certain Acquisition Agreement dated February 11, 2000 between the Defendants and Liberty Alliances LLC, Sheets and West shall use their best efforts to legally document that Skyline Group, Inc. is both the legal and the beneficial owner of such ownership interest. Whatever the outcome of those best efforts, all cash flows, profits, receipts, income or other benefit of any type that is attributable to ownership of that 10 percent interest shall be paid and inure to the benefit of Skyline Group, Inc., with each Skyline investor receiving such cash flows, profits, receipts, income or other benefit of any type that is attributable to ownership of that 10 percent interest, pursuant to the terms contained in each of their Project Description Memoranda.

VII.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the attached Consent of the Defendants be and hereby is incorporated herein with the same force and effect as if fully set forth herein.

VIII.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction of this action to and until December 31, 2002, JMR ~~for all purposes, including~~ enforcement of the Final Judgment and the Defendants' Consent attached hereto and incorporated herein as if fully set forth herein.

IX.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that there being no just reason for delay, the Clerk of the Court is hereby directed to enter this Final Judgment.

UNITED STATES DISTRICT JUDGE

DATED: December 20th, 2001

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*